IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-F-95-5111 OWW |
| | ) | |
| | ) | ORDER DEEMING PETITIONER'S |
| | ) | LETTER DATED MAY 15, 2008 TO |
| Plaintiff/ | ) | BE MOTION FOR REDUCTION OF |
| Respondent, | ) | SENTENCE AND DENYING DEEMED |
| | ) | MOTION |
| vs. | ) | |
| | ) | |
| | ) | |
| MICHAEL EUGENE STEWARD, | ) | |
| | ) | |
| | ) | |
| Defendant/ | ) | |
| Petitioner. | ) | |
| | ) | |

On May 15, 2008, Petitioner Michael Eugene Steward, proceeding *in pro per*, sent a letter addressed to the Court in which he moves for reduction of his sentence. The Court deems Petitioner's letter to be a motion for reduction of sentence.

Petitioner was convicted by jury trial of three counts of interference with commerce by robbery in violation of 18 U.S.C. § 1951(a) (Counts 1, 5 and 7) and three counts of aiding and abetting the use of a firearm when committing a crime of violence in violation of 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2 (Counts

1

2, 6 and 8). Petitioner was sentenced to 57 months incarceration as to Counts 1, 5 and 7 to be served concurrently; 60 months as to Count 2 to be served consecutively to the sentence imposed on Counts 1, 5 and 7; and 240 months each as to Counts 6 and 8 to be served consecutively to the sentence imposed as to Counts 1, 5 and 7. The total sentence imposed was 597 months, 36 months supervised release, $300 special assessments, and restitution in the amount of $9,370.85.

Petitioner's conviction and sentence were affirmed on appeal. *United States v. Harris, et al.,* 154 F.3d 1082 (9th Cir.1998), *cert. denied*, 528 U.S. 830 (1999); *United States v. Harris*, *et al.,* 1998 WL 650262 (9th Cir.1998), *cert. denied*, 528 U.S. 830 (1999).

Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The Section 2255 motion was denied by Order filed on September 29, 2003. Petitioner appealed the denial of his Section 2255 motion. The Ninth Circuit declined to issue a Certificate of Appealability in December 2003.

Petitioner's May 15, 2008 letter refers to various cases and treatises involving sentencing for convictions involving crack cocaine as supporting flexibility in sentencing under the Sentencing Guidelines and submits that the Court "would not err when taking into consideration this new shift in the inexact science of justice." Petitioner asserts:

> More tellingly, there have been instances

> where the government has been allowed to move under § 3553(e) for a sentence reduction for substantial assistance in a § 3582(c)(2) re-sentencing, even though § 3553(e) did not exist at the time of the defendant's initial sentencing and had nothing to do with the retroactive amendment giving rise to the § 3582(c)(2) jurisdiction.  Unlike the defendants in the cases quoted thus far, who have obtained re-sentencing under the triggering effect received through the crack-cocaine amendment, I find myself at the mercy of the Court when I suggest that the same kind of downward departure which is available to the government in cases of substantial assistance, is now available under the post-*Booker* regime.  I draw a parallel from within the context of revised statutory requirements, in which § 3553(b) has been excised and § 3553(a) is the governing law, and where those sentenced must have the benefit of the statutory sentencing criteria in effect at the time of the § 3582(c)(2) resentencing.

This Court is without jurisdiction to reduce Petitioner's sentence.  18 U.S.C. § 3582(c) provides that "[t]he court may not modify a term of imprisonment once it has been imposed," except upon motion of the Director of the Bureau of Prisons, § 3583(c)(1), and "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(*o*)."  Petitioner makes no showing that either of these conditions apply.  Petitioner's reference to *United States v. Booker,* 543 U.S. 220 (2005) is unavailing.  "*Booker* did not lower sentencing ranges, nor was *Booker* an action 'by the Sentencing Commission;' therefore § 3582(c)(2), by its own terms, does not apply here."  *Carrington v. United States*,

1  503 F.3d 888, 891 (9th Cir.2007).  Further, *Booker* does not apply
2  to cases on collateral review.  *See United States v. Cruz*, 423
3  F.3d 1119, 1121 (9th Cir.2005), *cert. denied*, 546 U.S. 1155
4  (2006).  Petitioner's references to Section 3553(e) are
5  inapposite because the Court lacks jurisdiction to reduce
6  Petitioner's sentence under Section 3582.
7      The Court cannot deem Petitioner's motion to be a motion to
8  vacate, set aside or correct sentence pursuant to Section 2255.
9  Section 2255(a) provides:

>         A prisoner in custody under sentence of a
>         court established by Act of Congress claiming
>         the right to be released on the ground that
>         the sentence was imposed in violation of the
>         Constitution or laws of the United States, or
>         that the court was without jurisdiction to
>         impose such sentence, or that the sentence
>         was in excess of the maximum authorized by
>         law, or is otherwise subject to collateral
>         attack, may move the court which imposed the
>         sentence to vacate, set aside or correct the
>         sentence.

Petitioner's motion makes no showing that any of these conditions
exist.  Further, even if Petitioner's motion could be deemed a
Section 2255 motion, it is a second or successive claim for
relief under Section 2255 for which Petitioner must apply to the
Ninth Circuit for permission to raise a new motion in this Court.
*See* 28 U.S.C. § 2244; 28 U.S.C. § 2255(h)(2).  Absent such
permission,  this Court lacks jurisdiction to hear Petitioner's
deemed Section 2255 motion.  *United States v. Allen*, 157 F.3d
661, 664 (9th Cir.1998).
      Finally, the Court cannot deem Petitioner's motion to be a

4

**petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 because Petitioner makes no claim of factual innocence and that he never had an unobstructed procedural shot at presenting his claim of factual innocence.** *See Ivy v. Pontesso,*, **328 F.3d 1057 (9th Cir.),** *cert. denied,* **540 U.S. 1051 (2003).**

IT IS SO ORDERED.

**Dated:   August 13, 2009**                     /s/ Oliver W. Wanger
                                                  UNITED STATES DISTRICT JUDGE